UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                    Plaintiff,

                                Crim. No. 21-CR-00142(3) (DSD/KMM)

v.

Saeid Jaberian,

                  Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE OF DEFENDANTS**

Defendant Saeid Jaberian, through his attorney, hereby moves the Court for an Order severing his case for trial from that of his co-defendants, pursuant to Federal Rule of Criminal Procedure 14(a).

The Indictment charges Jaberian with conspiracy to commit securities fraud and securities fraud. Specifically, the indictment alleges that Jaberian conspired with co-defendants Mark Allen Miller ("Miller") and Christopher James Rajkaran ("Rajkaran") to "hijack" inactive shell companies, inflate their stock prices, and profit in the sales of inflated stock. The indictment alleges that Jaberian participated in the scheme by serving as president of a hijacked company (Indictment, ¶ 26), purchasing stock in that company (*Id.* ¶ 27(d)), and assisting in the drafting of an allegedly fraudulent press release. *Id.* ¶ 33. The indictment alleges that Miller carried out a similar scheme with Rajkaran, and another scheme entirely on his own. It further alleges that in the case of Jaberian's company, Miller drafted the fraudulent minutes that appointed Jaberian CEO of the hijacked company (*Id.* ¶ 26), filed paperwork with the Florida Secretary of State listing

1

Jaberian as CEO of the hijacked company (*Id.* ¶ 28), and purchased and sold shares of that company's stock. *Id.* ¶ 34(a).

## LEGAL STANDARD

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "Whether a motion for severance is to be granted lies within the discretion of the trial court." *United States v. Shivers*, 66 F.3d 938, 939 (8th Cir. 1995). "Defendants can show real prejudice either by showing that their defense is irreconcilable with the defense of their codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Gutberlet*, 939 F.2d 643, 645 (8th Cir. 1991). A defense is irreconcilable with a co-defendant's defense if "the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989) (quoting United States v. Bruno, 809 F.2d 1097, 1103 (5th Cir. 1987)).

Additionally, "a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant." *Richardson v. Marsh*, 481 U.S. 200, 200 (1987). The United States Supreme Court first articulated the parameters of this rule in *Bruton v. United States*, 391 U.S. 123, 124 (1968). The *Bruton* Court recognized that jury

instructions alone cannot nullify prejudice to the Defendant in situations "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. *Bruton v. United States*, 391 U.S. 123, 135–36 (1968). Courts within the Eighth Circuit apply *Bruton* to situations where "the incriminating statement was the product of a formal interrogation and therefore testimonial . . . ." *United States v. Dale*, 614 F.3d 942, 956 (8th Cir. 2010)

## **ARGUMENT**

The Court should sever Jaberian's case from that of his co-defendants because co-defendants in this case are likely to use completely irreconcilable defenses, and because a jury would have a difficult time compartmentalizing the evidence as it relates to each defendant.

On September 17, 2020, Jaberian sat for a sworn deposition before attorneys of the United States Securities and Exchange Commission ("SEC"). In this deposition, Jaberian totally denied any knowing involvement in Miller's conspiracy. Jaberian stated that Miller had approached him in 2018, offered to make him CEO of a company, suggested Jaberian buy shares in that company, and "did all the paperwork" to facilitate Jaberian's ownership of that company. In his deposition, Jaberian stated repeatedly that he did not suspect anything was amiss, and that he "trusted Mark [Miller]." Jaberian's experience is not unique, discovery suggests Miller employed others likely to be witnesses at trial as pawns.

At a future trial, Jaberian's defense will require asserting that Miller tricked him. This defense will necessarily implicate Miller in carrying out the fraudulent "hijacking" of a dormant shell company. Indeed, Jaberian has already given testimonial statements to that effect. At the same trial, given the nature of the allegations, Miller's defense will likely be that his scheme was not technically fraudulent at all. Courts within the Eighth Circuit recognize that "the mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." *United States v. Johnson*, 944 F.2d 396, 403 (8th Cir. 1991). However, a future trial on this matter is likely to involve a claim by Jaberian that he was the unwitting pawn in a fraudulent conspiracy, and a claim by Miller that no fraudulent conspiracy occurred. This is distinguishable from a scenario where each defendant "simply pointed the finger, each admitting that a scheme was employed, but both asserting that they had no knowledge of the fraud." *United States v. Nichols*, 416 F.3d 811, 817 (8th Cir. 2005). Jaberian is likely to assert that he was duped by Miller into unknowingly facilitating a crime. Miller is likely to assert that no crime occurred. These defenses are logically inconsistent: to believe one, a jury must necessarily disbelieve the other.

Furthermore, these are not circumstances where the jury can be expected to "weigh the evidence against each defendant in relative isolation and reach independent verdicts on the guilt of each, accepting or rejecting their separate defenses to the specific charges against them." *United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009). Jaberian, Rajkarian, and Miller are implicated in a vast and complex scheme to allegedly acquire companies and inflate their stock prices. For some companies, the indictment

4

alleges Miller acted largely alone. For example, Miller alone is alleged to have "hijacked and fraudulently assumed control over Digitiliti Inc." Indictment, ¶ 8. The indictment alleges Miller did this by "drafting a fake resignation letter" (*Id.* ¶ 8), filing false documents with the SEC and the Minnesota Secretary of State listing himself as CEO of the company (*Id.* ¶ 10–11), issuing "a false and misleading press release" on behalf of the company (*Id.* ¶ 13), and selling shares of stock for profit (*Id.* ¶ 14). The Indictment alleges the same pattern of behavior by Miller *and* Jaberian in relation to another company. *Id.* ¶ 25–34. The Court should also take note of the fact that the indictment alleges defendants and other members of their alleged conspiracy acted over accounts on Investorhub.com (*Id.* ¶ 32), and the SEC's Electronic Data Gathering, Analysis, and Retrieval ("EDGAR") system. *Id.* ¶ 5(d). Discovery further indicates that the government will prove their case in part by alleging the defendants promoted the "hijacked" companies over Twitter as well. Proving exactly who handled these accounts, and had access to them, will be complex in itself. Defendants' precise roles both online and offline could easily be subject to confusion, heightening the chance of prejudice, and therefore the need for severance.

## **CONCLUSION**

Because of the presence of testimonial statements by one co-defendant implicating another co-defendant, the likelihood of mutually antagonistic defenses, and the substantial risk that the jury will not be able to compartmentalize evidence as it relates to the separate defendants, Mr. Jaberian requests that the Court sever his trial from that of his co-defendants.

Date:  August 23, 2021                         Respectfully submitted,


                                               By:    */s/ William J. Mauzy*
                                                      William J. Mauzy (#68974)
                                                      Mauzy Law Office, PA
                                                      800 Hennepin Avenue
                                                      Suite 800
                                                      Minneapolis, MN 55403
                                                      (612) 340-9108
                                                      wmauzy@mauzylawfirm.com
                                                      *Attorney for Defendant*