# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-cr-142 (DSD/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| 3. SAIED JABERIAN, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery and disclosure and the motion to sever filed by the Defendant, Saied Jaberian. The hearing was held by video conference via Zoom, by Mr. Jaberian's consent, because of the COVID-19 pandemic. The Court issues the following Order resolving these motions.

> **1.** **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 28]**

The Government seeks discovery and disclosure as required by several provisions of the Federal Rules of Criminal Procedure. Mr. Jaberian does not object to the government's motion. The motion is **GRANTED** to the extent that Mr. Jaberian shall provide discovery as required by the applicable provisions of the Rules. Further, the government expert discovery shall provide any expert witness disclosures **no later than four weeks prior to trial**. Mr. Jaberian shall provide any expert witness disclosures **no later than three weeks prior to trial**.

2.     **Mr. Jaberian's Motion to Compel Affirmance or Denial of Unlawful Acts [ECF No. 49]**

Mr. Jaberian seeks an Order requiring the government to affirm or deny whether evidence as obtained in this case by the use of eavesdropping, wiretaps, or other similar surveillance techniques, or by exploitation of information obtained by such means, pursuant to 18 U.S.C. § 3504. He asserts that a declaration affirming or denying such information is required upon the request of a defendant in a criminal case. The government objects to the motion, arguing that it should be denied because Mr. Jaberian has failed to identify any specific evidence that he believes was illegally obtained and the government did not conduct any illegal surveillance during the investigation.

Section 3504 provides:

> In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States … upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act….

18 U.S.C. § 3504(a)(1). "An aggrieved party's claim must 'appear to have a colorable basis before it may function to trigger the government's obligation to respond under § 3504.'" *Christy v. United States Dep't of Justice*, 842 F. Supp. 3d 280, 283 (D.D.C. 2012) (quoting *United States v. Pacella*, 622 F.3d 640, 643 (2d Cir. 1980)); *accord United States v. Bernard*, No. 7:09-CR-50-F-1-2, 2009 WL 10681148, at *7 (E.D.N.C. Aug. 18, 2009) ("Title 18 U.S.C. Section 3504(a)(1) requires a preliminary showing by a defendant as to the existence of electronic surveillance before requiring a government response to a defendant's request for such material."). "Mere conclusory allegations or suspicions that electronic surveillance has

2

occurred are insufficient to mandate a government response." *Bernard*, 2009 WL 10681148, at *7 (quotation omitted); *see, e.g.*, *United States v. James*, 609 F.2d 36, 51 (2d Cir. 1979) (indicating that a claim that illegal electronic surveillance occurred "cannot be based on mere suspicion but must have at least a 'colorable basis' before the government will be obliged to respond").

At this time, Mr. Jaberian has not made the preliminary showing that courts have found is required before the government can be compelled to affirm or deny that evidence was obtained by an "unlawful act" or exploitation of such an act. The government has stated that it conducted no electronic surveillance that could constitute an "unlawful act" within the meaning of § 3504(a)(1). Under these circumstances, the motion is **DENIED WITHOUT PREJUDICE**. Mr. Jaberian may renew the motion if he later obtains a colorable basis to demonstrate that evidence is inadmissible because it was obtained by unlawful surveillance.

**3.    Mr. Jaberian's Motion to Compel Production of *Brady* Materials [ECF No. 50]; Mr. Jaberian's Motion for *Giglio* Discovery [ECF No. 55]**

Mr. Jaberian seeks disclosure of information that is exculpatory or favorable to his defense, including impeaching information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny. The government does not object to the motion, but states that it "has substantially complied with, and will continue to comply with , its *Brady* and *Giglio* obligations," and that it will promptly disclose any additional exculpatory and impeachment evidence to the defense if it learns of additional information. During the hearing, the government represented that it has provided or will soon be providing almost complete open-file discovery in this case, except for one grand

jury witness statement that it has intentionally withheld. Mr. Jaberian's motion is

**GRANTED**. *Brady*, *Giglio*, and their progeny create an affirmative obligation for the

government to make disclosure of exculpatory and impeachment evidence to the defense.

All such materials must be disclosed within seven days of the date of this Order, and any

such additional information must be promptly disclosed to the defense if it is later

discovered by the government.

### 4.      Mr. Jaberian's Motion for Disclosure and Inspection [ECF No. 52]

Mr. Jaberian moves the Court for an Order requiring the government to produce the

following information:

1. any recorded or written statements he made;
2. any recorded or written statements provided by his co-defendant Mark Miller, and those of any of Miller's employees or agents;
3. any recorded or written statements by alleged victims of co-defendant Miller or his employees or agents;
4. any written or recorded statements of any person the government intends to call as a witness at trial (including contact information for such witnesses);
5. all other written or recorded statements made by any person during the course of the government's investigation;
6. all rough notes taken by any interviewing agents during the investigation;
7. the date and location of any interview conducted during the investigation of this case that was not recorded or summarized in writing, as well as the name of the person interviewed;
8. video and sound recordings pertaining to the investigation, including video surveillance footage, wiretaps, and copies of any petitions, affidavits, orders, warrants or other documents filed in any court in connection with such surveillance;
9. all documents and things seized pursuant to any search warrant;
10. all documents and statements produced in response to any subpoenas or third-party document requests;
11. copies of any prior criminal record for Mr. Jaberian as well as for any person whom the government may call as a witness at trial;
12. results of any physical or mental examinations, scientific tests, or experiments made during the investigation of this case, and a written description of the testing and analysis used;

13. written reports or summaries of any expert witness testimony the government intends to offer at trial;

14. any books, grand jury minutes or transcripts, police reports, reports on prospective jurors, papers, accounting records, documents, handwritten notes, memos, calendar entries, receipts, photographs, video or audio recordings, computer images, electronic files, fingerprints, handwriting exemplars, voice exemplars, tangible objects, or other material thing in the government's possession, custody or control that relates to this case;

15. *Brady* and *Giglio* materials;

16. and any and all other information or documents subject to discovery under Fed. R. Crim. P. 16 and 26.2.

The government states that it does not oppose these requests "insofar as they comport with the requirements of Rule 16(a)(1)." [ECF No. 64 at 6]. However, the government objects to the extent Mr. Jaberian's motion exceeds the requirements of Rule 16. The motion is **GRANTED** to the extent that the government must make disclosures as required by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

### 5.    Mr. Jaberian's Motion for Disclosure of Rule 404(b) Evidence [ECF No. 53]

Mr. Jaberian seeks an order requiring the government to provide notice of its intent to introduce evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). The government does not oppose the motion and states that it will provide the required notice no later than two weeks prior to trial or at a time set by the Court. The government asserts, however, that the Court should deny the motion to the extent that it demands notice beyond what is required by Rule 404. The Court finds that the motion does not demand notice beyond what is required by Rule 404(b). Accordingly, Mr. Jaberian's motion is **GRANTED**. The government shall provide the reasonable notice required by Rule 404(b) **two weeks prior to trial**.

6. **Mr. Jaberian's Motion for Disclosure of Informants and Witnesses [ECF No. 54]**

Mr. Jaberian moves for an order requiring the government to disclose the names and addresses of any informants or cooperating individuals who were working with, or were used by, law enforcement officials in the investigation of this case, if they were active participants, witnesses to the offenses charged, and disclosure of their identities would be useful to the defense and result in a fair resolution of the proceedings. He also requests an opportunity to interview any informants or cooperating witnesses disclosed by the government. In response, the government states that the motion should be denied because it "did not utilize any confidential informants or cooperating witnesses whose identities are unknown to the defendants as contemplated in *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Because there has been no showing, at this time, that disclosure of any cooperating individual or informant is appropriate, the motion is **DENIED WITHOUT PREJUDICE**.

7. **Mr. Jaberian's Motion for Early Jencks Act Material and Grand Jury Disclosure [ECF No. 56]**

Mr. Jaberian seeks to compel the government to provide early disclosure of Jencks Act material and grand jury testimony. In a memorandum accompanying the motion, Mr. Jaberian acknowledges that the Jencks Act does not compel the government to produce a witness statement until after the witness has testified on direct examination, but argues that to avoid potential delays at trial and the risk that he will be denied his rights under the Jencks Act to review witness statements prior to cross examination, disclosure of Jenks information should be made at least one month before trial. [ECF No. 57]. The government opposes the motion and objects to the entry of any order requiring early disclosure. The government

6

indicated during the hearing, however, that it has voluntarily turned over Jencks Act materials already and will be disclosing additional Jencks information in near future. In particular, the government represented that it would disclose the sole witness statement that it has intentionally withheld up to this point well in advance of trial. Because the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Mr. Jaberian's motion is **DENIED**. However, the Court encourages counsel for the government to provide Jencks information to the defense well before any direct examination to avoid any unnecessary delays.

### 8.   Mr. Jaberian's Motion for Government to Retain Rough Notes [ECF No. 58]

Mr. Jaberian seeks to compel law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. The government does not object to the motion and states that it has already instructed the agents to retain their notes. The motion is **GRANTED**.

### 9.   Mr. Jaberian's Motion for Severance of Defendants [ECF No. 60][1]

Finally, Mr. Jaberian moves for an order severing his case for trial from that of his co-defendants, Mark Allen Miller and Christopher James Rajkaran. For the reasons stated by the Court during the hearing, the motion is **DENIED WITHOUT PREJUDICE**.

---

[1]   Although motions for severance are sometimes addressed by Magistrate Judges by report and recommendation, rather than in an order, motions for severance are

*(footnote continued on next page)*

Date: September 15, 2021

_s/Katherine Menendez_____
Katherine Menendez
United States Magistrate Judge

---

nondispositive and subject to a deferential standard of review. *United States v. McConnell*, No. 13-cr-273 (SRN/FLN), 2017 WL 111304, *3 (D. Minn. Jan. 11, 2017) (citing cases).